```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
NORMA BALDUCCI,                            :    07 Civ. 3668 (WCC)

                     Plaintiff,            :    ECF CASE

       - against -                         :    OPINION
                                                AND ORDER
LOUIS PUBLIC COMPANY LIMITED and GROUP     :
VOYAGERS, INC.,
                                           :
                     Defendants.
- - - - - - - - - - - - - - - - - - - - - X
ANN HORRIGAN,                              :    07 Civ. 3677 (WCC)

                     Plaintiff,            :    ECF CASE

       - against -                         :

LOUIS PUBLIC COMPANY LIMITED and GROUP     :
VOYAGERS, INC.,
                                           :
                     Defendants.
- - - - - - - - - - - - - - - - - - - - - X
PATRICIA DeASTIS,                          :    07 Civ. 3681 (WCC)

                     Plaintiff,            :    ECF CASE

       - against -                         :

LOUIS PUBLIC COMPANY LIMITED and GROUP     :
VOYAGERS, INC.,
                                           :
                     Defendants.
- - - - - - - - - - - - - - - - - - - - - X
LAUREL KOSSOW,                             :    07 Civ. 4638 (WCC)

                     Plaintiff,            :    ECF CASE

       - against -                         :

LOUIS PUBLIC COMPANY LIMITED and GROUP     :
VOYAGERS, INC.,
                                           :
                     Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```

**Copies E-Mailed to Counsel of Record**

**A P P E A R A N C E S :**  (continued)

```
- - - - - - - - - - - - - - - - - - - - - X
LORRAINE CARPINO,                          :    07 Civ. 6977 (WCC)

                Plaintiff,                 :    ECF CASE

        - against -                        :

LOUIS PUBLIC COMPANY LIMITED and GROUP     :
VOYAGERS, INC.,
                                           :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - X
LUCY VITALIANO,                            :    07 Civ. 6979 (WCC)

                Plaintiff,                 :    ECF CASE

        - against -                        :

LOUIS PUBLIC COMPANY LIMITED and GROUP     :
VOYAGERS, INC.,
                                           :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                                    KRIENDLER & KRIENDLER LLP
                                                    **Attorneys for Plaintiffs**
                                                    100 Park Avenue
                                                    New York, New York 10017

PAUL S. EDELMAN, ESQ.

       Of Counsel

                                                    NIXON PEABODY LLP
                                                    **Attorneys for Defendant**
                                                        Group Voyagers, Inc.
                                                      50 Jericho Quadrangle, Suite 300
                                                      Jericho, New York 11753

JOSEPH J. ORTEGO, ESQ.
JAMES W. WELLER, ESQ.
SCOTT P. EISENBERG, ESQ.

       Of Counsel

**Conner, Sr. D.J.:**

This action arises out of the grounding and sinking of a cruise ship, the M/S Sea Diamond, off the coast of the Greek island Santorini. Plaintiff Ann Horrigan was part of a tour group aboard the ship. Plaintiff brings suit against Louis Public Company Ltd. d/b/a Louis Hellenic Cruise Lines ("Louis"), the operator of the ship, and Group Voyagers, Inc. d/b/a Globus ("Voyagers"), the travel company that sold plaintiff a tour package that included the M/S Sea Diamond cruise. Defendant Voyagers now moves, pursuant to FED. R. CIV. P. 12(b)(6), for the dismissal of all claims against it. For the following reasons, the motion is converted to one for summary judgment.

## BACKGROUND

Voyagers sold plaintiff an "escorted tour" package for travel from New York to Greece. (Complt. ¶ 11.) The tour package included a four-day cruise on the M/S Sea Diamond, during which the ship was to visit several Greek islands. (*Id.* ¶¶ 12-13.) Plaintiff also purchased insurance from Voyagers; the coverage included, but was not limited to, death and dismemberment, medical expenses and emergency evacuation. (*Id.* ¶ 14.)

The cruise aboard the M/S Sea Diamond was scheduled to run from April 3 to April 6, 2007. (*Id.* ¶ 13.) There were 1,547 passengers and crew on board. (*Id.* ¶ 27.) On April 5, the ship struck an underwater reef and began to sink. (*Id.*) Several of the ship's air-tight doors failed to work properly, which allowed water to flood the cabins. (*Id.* ¶ 1.) Although all but two of the passengers survived, the evacuation did not go well. (*Id.* ¶ 2.) According to plaintiff, it was "poorly planned and implemented," causing the passengers to endure "hours of chaos . . . and fear." (*Id.*) Many passengers were left "without life jackets, instructions or . . . proper egress from the ship." (*Id.*)

Plaintiff alleges that both the accident and the chaotic evacuation were caused by the negligence of Louis and its employees, and that Voyagers knew or should have known that Louis had a history of negligently operating the M/S Sea Diamond. (*Id.* ¶¶ 31-32, 37.)

## DISCUSSION

I. <u>**Consideration of Documents Extrinsic to the Complaint**</u>

At the time Voyagers' motion was filed, plaintiff's case was one of thirty-six related cases pending before this Court. When the Court was on the verge of issuing this decision, most of the related cases were settled and plaintiff's counsel withdrew. New counsel appeared for plaintiff and requested permission to file a sur-reply brief in opposition to the present motion. The Court granted this request and also granted Voyagers permission to file a brief in response.

Plaintiff's sur-reply brief argues that the terms and conditions of her M/S Sea Diamond ticket, issued by Louis, make Greek and/or European Union law applicable to any dispute between those parties. (*See* Pl. Suppl. Mem. Law at 2-3.) She argues further that her contract with Voyagers incorporates the terms and conditions of the Louis contract, making Greek and/or European Union law applicable to her claims against Voyagers as well. (*See id.*) Plaintiff claims that under those bodies of law, Voyagers is vicariously liable for any negligence on the part of Louis. (*See id.* at 4-5.)

In support of this argument, plaintiff has submitted purported copies of the terms and conditions of the Voyagers and Louis contracts. Those documents were not attached as exhibits to the Complaint, and plaintiff has not amended the Complaint to include them. Nor has plaintiff argued that the documents are incorporated by reference; she simply asks us to base our resolution

of the present motion on them. Voyagers argues persuasively that it would be inappropriate for us to do so.

In ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint as well as any document attached as an exhibit to the complaint or incorporated by reference. *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996). To incorporate a document by reference, "the Complaint must make a clear, definite and substantial reference to the document[]." *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 275-76 (S.D.N.Y. 2002). "Mere discussion or limited quotation of a document in a complaint" is insufficient. *R.H. Damon & Co. v. Softkey Software Prods., Inc.*, 811 F. Supp. 986, 989 & n.1 (S.D.N.Y. 1993).

However, the Court may base its decision on a document that is not properly incorporated by reference if the document is "integral" to the complaint and has been heavily relied on by the plaintiff in bringing suit. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("Although the amended complaint in this case does not incorporate the [a]greement, it relies heavily upon its terms and effect; therefore, the [a]greement is 'integral' to the complaint, and we consider its terms in deciding whether [plaintiff] can prove any set of facts that would entitle it to relief.") The Second Circuit has instructed that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis in original). The plaintiff's notice or possession of the document is not enough. *Id.*

The most significant extrinsic document that plaintiff asks the Court to consider at this stage is a purported copy of the terms and conditions of her M/S Sea Diamond ticket.[1] (*See* Edelman Aff., Ex. 2.) The Complaint makes a brief, passing reference to the ticket:

> Plaintiff was traveling as a member of a Globus escorted tour throughout her stay in Greece and during this cruise. Globus selected, purchased and held the tickets for each passenger, including plaintiff, for the Louis Cruise on the subject vessel, the M/S Sea Diamond, up until a short time before each passenger, including plaintiff, boarded the M/S Sea Diamond.

(Complt. ¶ 12.) There is no mention at all of the terms and conditions of the ticket, let alone a "substantial discussion" of them. *See Thomas*, 232 F. Supp. 2d at 275-76. Although the paragraph in which the ticket is mentioned falls under the heading "FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION," the apparent purpose of that paragraph and the one preceding it is to establish plaintiff's reliance on Voyagers' expertise. (*See* Complt. ¶ 11 ("Plaintiff relied on Globus to escort her safely and to select reliable transportation . . . ."), ¶ 12 ("Plaintiff relied on Globus' assurances of its expertise and emphasis on safety . . . .").) There is no indication that plaintiff relied on the terms and conditions of the ticket in bringing suit or drafting

---

[1] Voyagers has, understandably, declined to acknowledge the authenticity of this document. (*See* Def. Voyagers Mem. Opp. Pl. Sur-Reply Brief at 2-3.) The document is titled "TERMS AND CONDITIONS OF CARRIAGE OF PASSENGERS AND THEIR LUGGAGE." The handwritten words "Sea Diamond" appear above the title; nothing else on the face of the document indicates the identity of the parties to the agreement. (*See* Edelman Aff., Ex. 2 ¶ 40.1.)

Moreover, the affidavit of plaintiff's new counsel incorrectly labels the purported Voyagers contract as the Louis Cruise ticket. (*See* Edelman Aff. at 1, Exs. 1-2.) The document that appears to be a copy of the Louis Cruise ticket is attached as an exhibit to the affidavit but not identified in the affidavit itself, only in the memorandum of law. (*See id.*, Ex 2.) Although the Court would ordinarily let this pass without mention, we note it here for two reasons. First, Voyagers does not acknowledge the authenticity of these documents, and the Edelman affidavit is the only form of authentication offered. Second, these documents are of potentially vital importance to this case since, if plaintiff's legal analysis is correct, they would create vicarious liability where none might otherwise exist.

the Complaint. *See Chambers*, 282 F.3d at 153. Rather, plaintiff relies on them now to advance a particular theory of liability. A single, passing reference to a document in a complaint does not allow a court to consider that document on a motion to dismiss.[2]

Plaintiff also offers a purported copy of the terms and conditions of her contract with Voyagers. (*See* Edelman Aff., Ex. 1.) She argues that this contract incorporates the terms of the Louis contract, including the latter's choice of law provisions, thus making Voyagers vicariously liable for Louis's negligence. (*See* Pl. Suppl. Mem. Law at 2-5.) But the Complaint does not mention the Voyagers contract or its terms, even in passing, and there is no indication whatever that plaintiff relied on the document in bringing suit. The Court therefore will not consider it for purposes of deciding this motion.[3]

We are also mindful of the fact that considering the Voyagers and Louis contracts now would raise at least two significant issues that the parties have briefed only minimally or not at all: the applicability and content of foreign law, and whether the parties have agreed to arbitrate this dispute. Given the procedural importance the latter issue, and the potentially outcome-determinative nature of the former, the Court would prefer to reserve decision until such time as they have both been fully briefed and, if necessary, supported by a factual record. Therefore, the Court will convert Voyagers' motion to dismiss into a motion for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d).

---

[2] A ruling to the contrary would be impossible to square with the established rule in this circuit that "limited quotation does not constitute incorporation by reference." *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985); *see also R.H. Damon*, 811 F. Supp. at 989 n.1.

[3] We note that the purported Voyagers contract contains an arbitration clause. (*See* Edelman Aff., Ex. 1.) Given the "strong federal policy favoring arbitration," *New York v. Oneida Indian Nation*, 90 F.3d 58, 61 (2d Cir. 1996), if the parties have in fact agreed to arbitrate this dispute, then the Court would welcome a motion to compel arbitration or stay the litigation pending arbitration.

The parties may submit such additional material as they deem relevant. Also, the Court requests that the parties brief the issues of choice of law (including the substance of any applicable foreign law) as well whether the parties have agreed to arbitrate this dispute (including whether plaintiff is estopped from denying the applicability of the arbitration clause in the Voyagers contract, since she seeks to rely on that contract in opposing dismissal of her claims).

The briefing schedule shall be as follows: Plaintiff's papers are due twenty-one days from the issuance of this Opinion and Order, defendant's response is due twenty-one days later, and plaintiff's reply is due seven days after defendant's response.

## CONCLUSION

For all of the forgoing reasons, the motion of defendant Group Voyagers, Inc. d/b/a Globus to dismiss the Complaint is converted to a motion for summary judgment.

The briefing schedule shall be as follows: Plaintiff's papers are due twenty-one days from the issuance of this Opinion and Order, defendant's response is due twenty-one days later, and plaintiff's reply is due seven days after defendant's response.

SO ORDERED.

Dated: White Plains, New York
      June 4, 2008

                                            _[signature]_
                                          Sr. United States District Judge